# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**JUSTIN GRAHAM**,

        Plaintiff,

    vs.                                         CIV. NO.  07-258 MCA/DJS

**SEAN KENNY** and
**JOSHUA MCDONALD**,
in their individual capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the following motions:  (1) Plaintiff's *Motion in Limine to Prevent Defendants from Introducing any Evidence Regarding the Tray, the Marijuana and Other Items They Allegedly Recovered During Their Unlawful Search of Plaintiff's Residence* [Doc. 53] filed on November 21, 2008; (2) Plaintiff's *Motion in Limine to Prevent Defendants from Introducing Any Testimony Regarding Kenny's Subjective and Speculative Belief that One of the Home's Occupants Might Be Arming Himself* [Doc. 54] filed on November 21, 2008; and (3) Plaintiff's *Motion in Limine to Exclude Any Testimony Regarding Collateral Effects of Civil Rights Judgment Against Police Officers* [Doc. 55] filed on November 21, 2008.  The Court held a hearing on the above motions at the Call of the Calendar on December 2, 2008.  Having considered the parties' submissions, the relevant

law, and otherwise being fully advised in the premises, the Court grants the motions for the reasons set forth below, with the caveat that all of the Court's pretrial rulings on the admissibility of evidence are subject to reconsideration in the event that unforeseen circumstances arise during trial.

## I.    BACKGROUND

The history of this litigation is recounted in the *Memorandum Opinion and Order* [Doc. 38] filed on September 17, 2008, which granted partial summary judgment in Plaintiff's favor as to the liability of Defendants Sean Kenny and Joshua McDonald for the unlawful entry and search of Plaintiff's apartment on or about March 23, 2004.  After that ruling, the parties entered into a series of stipulations which resulted in the dismissal of Plaintiff's claims against Defendants Casey Dutro and Norma Endres, the dismissal of Plaintiff's excessive-force claim as to all Defendants, and the entry of partial summary judgment on the liability of Defendants Kenny and McDonald for Plaintiff's unlawful detention and arrest. [Doc. 41, 49, 50.]  In the *Pretrial Order*, the parties also stipulated that: "Neither Defendant Kenny nor Defendant McDonald will seek to introduce any evidence or argument by their counsel at trial that they should be relieved of liability for any damages based on the assertion that either Defendant Dutro or Defendant Endres, rather than either Defendant Kenny or Defendant McDonald, proximately caused said damages." [Doc. 48, at 6-7.]  Thus, according to the parties' trial briefs [Doc. 51, 52], the only issues remaining for trial are whether Plaintiff is entitled to an award of compensatory and/or punitive damages from Defendant Kenny and/or Defendant McDonald as a result of their unlawful entry and

-2-

search of Plaintiff's apartment, and/or as a result of their unlawful detention and arrest of Plaintiff.

On November 21, 2008, Plaintiff filed three motions in limine, on which the Court heard argument from the parties at the Call of the Calendar on December 2, 2008. Defendants do not oppose Plaintiff's third motion in limine, which seeks to exclude testimony or argument concerning the collateral effects of a civil-rights judgment on the individual Defendants' future employment prospects. Accordingly, that motion will be granted without further discussion. The remaining motions are analyzed in further detail below.

II.   **ANALYSIS**

    A.   **Evidence of Marijuana Use or Possession at the Apartment**

Plaintiff first moves to exclude any evidence regarding the subject of marijuana, including Defendants' post-arrest discovery of marijuana in the apartment, Defendant Kenny's suspicions about the contents of the silver tray he observed in the apartment, and Defendant Kenny's perception of the odor of marijuana that is referenced in his deposition testimony. The Court finds that any evidence or argument associating Plaintiff or his apartment with marijuana is not relevant to the issues that will be presented to the jury at trial. The danger of unfair prejudice resulting from the introduction of this line of evidence would substantially outweigh its minimal probative value for the following reasons.

First, the Court already has ruled as a matter of law that the alleged odor of marijuana did not provide exigent circumstances to justify the warrantless entry and search of Plaintiff's

apartment or the warrantless detention and arrest of Plaintiff within his apartment.  Thus, that issue will not be presented to the jury at trial.  Even if the jury were asked to decide the reasonableness of the search and seizure, Defendants cannot rely on evidence discovered *after* a search or seizure to show the reasonableness of the activities which preceded that discovery.  See United States v. Reeves, 524 F.3d 1161, 1170 (10th Cir. 2008).  Rather, the assessment of whether Defendants acted reasonably or in good faith must be "based upon the information the officers had when the conduct occurred," Saucier v. Katz, 533 U.S. 194, 207 (2001), and is not to be judged "with the 20/20 vision of hindsight," Graham v. Connor, 490 U.S. 386, 396 (1989).

With respect to Plaintiff's claim for compensatory damages, the primary issue before the jury will be whether or to what extent each Defendant's *use of force* in effecting the search and seizure caused Plaintiff's physical injuries, emotional distress, and damage to the doorway of his apartment.  See Cortez v. McCauley, 478 F.3d 1108, 1127 (10th Cir. 2007).  Plaintiff is not seeking compensation for the loss of any drug paraphernalia or other personal property related to the marijuana that was seized as a result of the officers' search, and he was not charged with any marijuana offense.   Further, Defendants have not presented any expert testimony or medical records suggesting that a history of past drug or alcohol use may affect Plaintiff's claims for mental or emotional distress.  Thus, the contents of the apartment discovered as a result of the search have no relevance to determining the extent of Plaintiff's compensatory damages.  Defendants' counsel acknowledged this point at the hearing on this motion.

-4-

On the other hand, the Court acknowledges that some evidence pertaining to Defendant's state of mind is relevant to determining Plaintiff's claim for punitive damages. See generally Smith v. Wade, 461 U.S. 30 (1983). Evidence that a witness is under the influence of drugs or alcohol also may be relevant for impeachment purposes. See, e.g., United States v. Smith, 534 F.3d 1211, 1222 (10th Cir. 2008). But in this instance, the proffered evidence does not support a reasonable inference that Plaintiff was under the influence of marijuana, nor has Defendant Kenny explained how his subjective beliefs about the presence of marijuana in the apartment would be logically connected to rebutting Plaintiff's claim for punitive damages. Rather than providing evidence of a *Defendant's* state of mind, any accusations about marijuana would instead focus on the state of mind of *Plaintiff* or other occupants of the apartment.

In his deposition testimony, Defendant Kenny could not specify where the odor of burning marijuana was coming from, and the Court previously determined that his deposition testimony on this subject was too vague and conclusory to establish a nexus with illegal activity on the part of any occupant of the apartment, much less to identify Plaintiff as the source of this odor. Further, the small quantity of marijuana found in the apartment after the search was discovered with the assistance of Mr. Prinkey, who was previously identified as the individual observed retreating to a back room with a silver tray. Again, this evidence does not connect Plaintiff to the marijuana, and for purposes of Plaintiff's claim for punitive damages, the Defendant's subjective beliefs must be assessed at the time they began the

search and seizure, at which point they had not yet discovered any marijuana in the apartment.

With such a tenuous link between the proffered marijuana evidence and the issues before the jury at trial, the probative value of this line of evidence is very minimal and is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and other concerns listed in Fed. R. Evid. 403.  To try to associate Plaintiff with the possession or consumption of marijuana on such a weak evidentiary foundation would likely inflame the passions of the jury and cause them to question whether the search or seizure was justified in the first place.  To answer such questions would require an extensive and confusing mini-trial at which Plaintiff would need to present additional witnesses and exhibits in order to put to rest an issue that the Court already decided on summary judgment.  And to allow the Defendants to revisit this issue and introduce a new and different set of facts at trial would completely undermine and circumvent the sanctions that the Court has imposed in response to Defendants' previous delays and discovery violations in this case.  For these reasons, the Court grants Plaintiff's motion in limine to exclude the marijuana evidence.

### B.    Defendants' Subjective Beliefs About an Occupant Arming Himself

The Court reaches a similar conclusion concerning Plaintiff's second motion in limine, which seeks to preclude Defendants from offering testimony that they believed an individual inside Plaintiff's apartment could be arming himself with a gun when he walked into a back room of the home.  As explained in the Court's *Memorandum Opinion and Order* [Doc. 54] granting Plaintiff's motion for partial summary judgment on liability, the officers

lacked the necessary factual basis to render such a belief objectively reasonable under the totality of the circumstances.  The lack of factual basis for this belief also renders it too speculative to be admissible under the Federal Rules of Evidence.

While the Court acknowledges that Defendants must be permitted to introduce some evidence regarding their subjective mental state for purposes of attempting to rebut Plaintiff's claim for punitive damages, a Defendant's speculation that an occupant's retreat to a back room was undertaken with the intent to obtain a weapon would impermissibly shift the focus to the state of mind of the *occupants* rather than the state of mind of the *Defendants*.  The Court will not permit the Defendants to shift the focus in this manner by testifying that their mental state at the time of the search and seizure consisted of speculating about someone else's mental state.

The exclusion of this line of testimony does not, however, preclude the Defendants from testifying that, even if their beliefs were mistaken or not objectively reasonable, they nevertheless experienced some innocent emotion (such as feeling startled, surprised, or concerned about their safety) at the time they effected the search and seizure.  To the extent that Plaintiff attempts to call into question the Defendants' credibility on this point, the Defendants may also testify about relevant and specific observations (not including marijuana or speculation about other persons' mental states) that allegedly caused or formed the basis for their own emotions (*e.g.*, the fact that they saw an individual retreating from the living room toward a back bedroom and did not know why that individual was doing so).

Such testimony would be relevant to rebut the Plaintiff's contention that Defendants acted with an impermissible motive or mental state such as malice or recklessness.

Accordingly, I determine that the better approach is not to simply exclude all testimony regarding the Defendants' mental states, but rather to (1) limit such testimony in order to avoid speculation about other persons' mental states, (2) offer a limiting instruction explaining the purpose for which evidence of a Defendant's mental state may be considered in determining punitive damages, and (3) provide Plaintiff with the opportunity to question the Defendants' credibility, as well as the factual basis for their beliefs, through cross-examination. With the caveat that some testimony about the *Defendants'* subjective mental states may be admitted under these conditions, Plaintiff's second motion in limine is granted with respect to excluding speculative testimony about *another person's* mental state (such as the belief that an occupant of the apartment's actions were undertaken for the purpose of obtaining a weapon).

## III.   <u>CONCLUSION</u>

For the foregoing reasons and the reasons stated on the record at the hearing on December 2, 2008, the Court grants Plaintiff's motion in limine regarding the marijuana evidence, grants Plaintiff's motion in limine regarding the Defendants' subjective beliefs about an individual arming himself, and grants Plaintiff's motion in limine regarding the collateral effects of a civil-rights judgment. My pretrial rulings on these motions are subject to reconsideration in the event that unforeseen circumstances arise during the trial.

**IT IS, THEREFORE, ORDERED** that Plaintiff's *Motion in Limine to Prevent Defendants from Introducing any Evidence Regarding the Tray, the Marijuana and Other Items They Allegedly Recovered During Their Unlawful Search of Plaintiff's Residence* [Doc. 53] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion in Limine to Prevent Defendants from Introducing Any Testimony Regarding Kenny's Subjective and Speculative Belief that One of the Home's Occupants Might Be Arming Himself* [Doc. 54] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion in Limine to Exclude Any Testimony Regarding Collateral Effects of Civil Rights Judgment Against Police Officers* [Doc. 55] is **GRANTED**.

**SO ORDERED**, this 11th day of December, 2008, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
*United States District Judge*